IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| U.S. SPECIALTY INSURANCE CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | )    Civil No. **10-584-DRH** |
| | ) |
| MICHAEL TODD NEWLIN, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is defendant Michael Todd Newlin's motion to strike the complaint pursuant to Federal Rule of Civil Procedure 12(f).  (Doc. 10.)  Defendant contends that "Exhibit 1" to the complaint, the U.S. Specialty insurance policy at issue, is missing page 4 of the uninsured motorist endorsement, which presumably contains certain paragraphs referenced and quoted in the complaint.  According to defendant, his informal request that plaintiff cure the defect was ineffective.  Plaintiff has not responded to the subject motion or attempted to amend the complaint and/or exhibits.

A review of the complaint and 276 page policy and accompanying endorsements (which was filed in the electronic filing system as multiple "exhibits") reveals that the "Uninsured Motorists" endorsement is missing page 4 of 4 pages.  (*See* Doc. 2-3, pp. 33-35.)  Federal Rule of Civil Procedure 12(f) affords the Court discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A missing page from a 276 page policy– even if a key page– does not fall within the parameters of Rule 12(f).  Furthermore, striking a pleading for such an oversight would be overkill.  Therefore,

defendant's motion will be denied.  Nevertheless, in the interest of efficiency, the Court will direct plaintiff to file an amended complaint and complete policy.  The Court hopes that in the future, the parties will be able to cure such small matters in an amicable and timely manner without having to turn to the Court.

Further review of the record reveals that defendant Newlin also filed a motion for leave to file an entry of appearance and motion to strike the complaint.  (Doc. 11.)  Obviously, this motion is moot, insofar as defendant Newlin's counsel has already entered his appearance (Doc. 9), and the motion to strike (discussed above) has been filed (Doc. 10).

**IT IS THEREFORE ORDERED** that defendant Newlin's motion  for leave to file an entry of appearance and motion to strike the complaint (Doc. 11) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendant Newlin's motion to strike the complaint pursuant to Federal Rule of Civil Procedure 12(f)  (Doc. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that on or before **October 29, 2010**, plaintiff U.S. Specialty Insurance Company shall file an amended complaint and exhibit(s), curing the missing page problem. The defendants shall file their respective responsive pleadings on or before **November 29, 2010**.

**IT IS SO ORDERED.**

DATED:  October 21, 2010

                                            s/ Clifford J. Proud
                                            **CLIFFORD J. PROUD**
                                            **U. S. MAGISTRATE JUDGE**