IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**U.S. SPECIALTY INSURANCE COMPANY,**

**Plaintiff,**

**v.**

**MICHAEL TODD NEWLIN,**

**Defendant.** No. 10-cv-584-DRH

**ORDER**

**HERNDON, Chief Judge:**

The Court *sua sponte* files this order directing judgment be entered against defendant Michael Todd Newlin based upon defendant Newlin's answer to the complaint for declaratory judgment (Doc. 20) filed by plaintiff U.S. Speciality Insurance Company. For the reasons that follow, the Court directs the Clerk of the Court to enter judgment against defendant Newlin and in favor of plaintiff and to close the file.

On October 29, 2010, plaintiff filed an amended complaint for declaratory judgment (Doc. 16) against defendant Michael Todd Newlin and the City of Marion, Illinois. On December 13, 2010, defendant Newlin filed his answer to the complaint (Doc. 20), admitting every allegation in the complaint except two (paragraphs 18 and 19 where defendant responded that he had insufficient information to either admit or deny).

On March 18, 2011, the Court filed a notice of impending dismissal for want of prosecution (Doc. 22) against defendant the City of Marion, who had a waiver of service executed on it on August 6, 2010, but no further action had been taken by plaintiff since then. On April 19, 2011, the Court entered a show cause order (Doc. 23), directing plaintiff to respond on or before May 16, 2011, as to why defendant the City of Marion should not be dismissed from the case for want of prosecution. Nothing was filed, and on May 19, 2011, the Court entered a dismissal order (Doc. 24), dismissing defendant the City of Marion without prejudice. In light of Newlin conceding the issues herein and the long period of time between waiver of service and the court dismissing the case against the Marion defendant, the Court hereby converts the dismissal of the City of Marion to one of dismissal with prejudice.

Now before the Court is a letter from defendant Newlin's counsel dated May 11, 2011, enclosing a copy of a letter he sent to counsel for plaintiff. That letter, dated May 9, 2011, reaffirmed that defendant Newlin had conceded plaintiff's complaint for declaratory judgment, advised plaintiff that defendant Newlin would not object to a motion for judgment on the pleadings, and requested that plaintiff notify the Court that defendant Newlin had conceded to the complaint. The Court has received nothing from plaintiff. Of course, it is not necessary that plaintiff contact the Court. The Court has before it a complaint and an answer demonstrating that there is no dispute, together with a letter from defendant Newlin's attorney affirming the same. Consequently, the Court directs the Clerk to enter judgment against defendant Newlin and in favor of plaintiff. The judgment shall declare that

there is no uninsured motorist insurance coverage for defendant Newlin under the U.S. Speciality policy with respect to the "accident" at issue (on or about February 19, 2009) and that U.S. Specialty Insurance Company is not obligated to provide uninsured motorists insurance coverage for defendant Newlin under the U.S. Specialty policy with respect to the accident. The Clerk shall close the file.

**IT IS SO ORDERED.**

Signed this 24th day of May, 2011.

Digitally signed by David R. Herndon
Date: 2011.05.24 15:25:40 -05'00'

**Chief Judge**
**United States District Court**